JUDGE MORAN

MAGISTRATE JUDGE NOLAN

FILED
FEB 1 3 2008
MAGISTRATE JUDGE MARIA VALDEZ
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. 08CR 0129 |
| ) | |
| v. ) | Violations: Title 18, United States |
| ) | Code, Sections 1343 and 1346; |
| WILLIAM BROWNELL ) | Title 38, United States Code, Section |
| ) | 6101(a). |

FILED
J N FEB 1 3 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**COUNT ONE**

The SPECIAL MARCH 2007 GRAND JURY charges:

1. At all times material herein:

    a. The Department of Veteran's Affairs ("VA") was a Department of the United States, the primary function of which was to administer to the needs of veterans of the United States Armed Services and/or their spouses, hereinafter "beneficiaries," through the payment of benefits and the rendering of medical services.

    b. Individual A, the brother of defendant William Brownell, served in the United States Army from June 23, 1976 through August 3, 1977, at which time he was honorably discharged from the United States Army. Individual A applied for VA compensation benefits based on a service-related medical condition, and was awarded such benefits at the 30% rate effective May 3, 1979. Individual A's compensation benefits were increased to the 50% rate effective November 1, 1979, and then increased to the 100% rate effective July 3, 1981.

    c. In 1992, Individual A was determined by the VA to be incompetent to handle his VA compensation benefits.

    d. On November 30, 1992, defendant William Brownell agreed to act as fiduciary of Individual A's VA compensation benefits, and signed a VA Fiduciary Agreement in

which he agreed "to use all money paid by the Department of Veterans Affairs (VA) for the benefit of [Individual A] . . . ."

   e. VA regulations permitted William Brownell to use the money provided to him as fiduciary for Individual A to pay half of the monthly cost of a car loan or mortgage payment if such car or house/apartment were being jointly used by Individual A and William Brownell, but did not permit William Brownell to use the money provided to him as fiduciary for Individual A to pay all of the cost of a car loan or mortgage payment unless Individual A was the only person using such car or residing in such house/apartment.

   f. On December 5, 1992, William Brownell opened a bank account in the name of "[Individual A] by William L. Brownell, legal custodian" at the First Midwest Bank in Waucanda, Illinois (hereafter "First Midwest Bank Account"). In order to open this bank account, William Brownell was required to present documentation to First Midwest Bank establishing his legal custodianship of Individual A. William Brownell was permitted to write checks and make withdrawals from the First Midwest Bank Account for the benefit of Individual A.

   g. At least as early as October 1997 and continuing until November 2003, Individual A's VA compensation benefits were directly deposited into the First Midwest Bank Account.

   h. In or about June 1998, Individual A moved into the Pebble Brook Nursing and Rehabilitation Centre in Lake Bluff, Illinois. While he resided at Pebble Brook, all of the expenses incurred by Pebble Brook in relation to Individual A were compensated by the VA, and the VA also provided Individual A with all needed medical care. In or about March 2003, Individual A moved from Pebble Brook to the VA Medical Center ("VAMC") in North Chicago, Illinois. Individual A resided in the VAMC from in or about March 2003 through in or about February 2005.

2. From in or about March 2001 to in or about November 2003, at Waucanda in the Northern District of Illinois, Eastern Division, and elsewhere,

WILLIAM BROWNELL

defendant herein, knowingly devised, intended to devise, and participated in a scheme to defraud Individual A and the VA, and to defraud Individual A of the intangible right to defendant William Brownell's honest services, which scheme is further described below.

3. It was part of the scheme that from on or about March 2001 through on or about November 2003, defendant William Brownell used money provided by the VA to him in his capacity as fiduciary for Individual A to pay his own personal expenses unrelated to the care of Individual A, well knowing at the time that he was not permitted to use the money received from the VA for his own benefit, but rather was required to use such funds only for the benefit of Individual A. For example, defendant William Brownell used the VA funds to purchase groceries for himself, to pay utility bills related to the house in which he (and not Individual A) resided, and to make sizeable cash withdrawals for day-to-day expenses.

4. It was further part of the scheme that from on or about March 2001 through on or about November 2003, defendant William Brownell used money provided by the VA to him in his capacity as fiduciary for Individual A to make payments that were purportedly partially related to the care of Individual A but exceeded the limits set by the VA. For example, defendant William Brownell used the VA funds to make full payments on a car loan and mortgage loan, knowing that because he was the primary user of the car and shared joint ownership and resided in the house, VA funds could be used to make at most half payments on such car loan and mortgage loan.

5. It was further part of the scheme that, by the above-described means, defendant William Brownell fraudulently converted approximately $15,000 to his own personal use and

benefit.

6. It was further part of the scheme that defendant William Brownell concealed and hid, and caused to be concealed and hidden, the purposes of the acts done in furtherance of the scheme.

7. On or about April 1, 2003, in the Northern District of Illinois, Eastern Division,

WILLIAM BROWNELL,

defendant herein, for the purpose of executing the above-described scheme, knowingly transmitted and caused to be transmitted by means of a wire communication in interstate commerce certain signs and signals, namely, an electronic transmission of funds representing a VA benefit payment in the amount of $2,193.00 from the United States Department of Treasury in Austin, Texas to the First Midwest Bank Account in Waucanda, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 1346.

## COUNT TWO

The SPECIAL MARCH 2007 GRAND JURY further charges:

1. The allegations in paragraphs 1-6 of Count One of this indictment are hereby realleged and incorporated as if fully set forth herein.

2. On or about May 1, 2003, in the Northern District of Illinois, Eastern Division,

WILLIAM BROWNELL,

defendant herein, for the purpose of executing the above-described scheme, knowingly transmitted and caused to be transmitted by means of a wire communication in interstate commerce certain signs and signals, namely, an electronic transmission of funds representing a VA benefit payment in the amount of $2,193.00 from the United States Department of Treasury in Austin, Texas to the First Midwest Bank Account in Waucanda, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 1346.

## COUNT THREE

The SPECIAL MARCH 2007 GRAND JURY further charges:

1. The allegations in paragraphs 1-6 of Count One of this indictment are hereby realleged and incorporated as if fully set forth herein.

2. On or about May 30, 2003, in the Northern District of Illinois, Eastern Division,

WILLIAM BROWNELL,

defendant herein, for the purpose of executing the above-described scheme, knowingly transmitted and caused to be transmitted by means of a wire communication in interstate commerce certain signs and signals, namely, an electronic transmission of funds representing a VA benefit payment in the amount of $2,193.00 from the United States Department of Treasury in Austin, Texas to the First Midwest Bank Account in Waucanda, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 1346.

## **COUNT FOUR**

The SPECIAL MARCH 2007 GRAND JURY further charges:

1. The allegations in paragraphs 1-6 of Count One of this indictment are hereby realleged and incorporated as if fully set forth herein.

2. On or about July 1, 2003, in the Northern District of Illinois, Eastern Division,

### WILLIAM BROWNELL,

defendant herein, for the purpose of executing the above-described scheme, knowingly transmitted and caused to be transmitted by means of a wire communication in interstate commerce certain signs and signals, namely, an electronic transmission of funds representing a VA benefit payment in the amount of $2,193.00 from the United States Department of Treasury in Austin, Texas to the First Midwest Bank Account in Waucanda, Illinois;

In violation of Title 18, United States Code, Section 1343 and 1346.

## **COUNT FIVE**

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.  On or about August 1, 2003, in the Northern District of Illinois, Eastern Division,

**WILLIAM BROWNELL,**

defendant herein, being a fiduciary of money paid under the laws administered by the Secretary of the Department of Veterans Affairs for the benefit of an incompetent beneficiary, namely Individual A, and having received approximately $2,193.00 in payments on behalf of Individual A in the execution of his duties and services as a fiduciary, did embezzle and misappropriate such payments in whole and in part;

In violation of Title 38, United States Code, Section 6101(a).

## COUNT SIX

The SPECIAL MARCH 2007 GRAND JURY further charges:

1. On or about August 29, 2003, in the Northern District of Illinois, Eastern Division,

WILLIAM BROWNELL,

defendant herein, being a fiduciary of money paid under the laws administered by the Secretary of the Department of Veterans Affairs for the benefit of an incompetent beneficiary, namely Individual A, and having received approximately $2,193.00 in payments on behalf of Individual A in the execution of his duties and services as a fiduciary, did embezzle and misappropriate such payments in whole and in part;

In violation of Title 38, United States Code, Section 6101(a).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY